# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY DURR | CIVIL ACTION |
| VERSUS | NO. 16-14673 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "I" (3) |

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Plaintiff protectively filed an application for a period of disability and DIB on December 19, 2013, alleging a disability onset date of March 1, 2009. (Adm. Rec. at 15, 156-60, 186). Plaintiff also protectively filed an application for SSI on December 1, 2013, alleging the same onset date. (*Id.* at 170-77). Plaintiff alleged disability due to a knee injury, attention deficit disorder, a learning disability, anxiety, and depression. (*Id.* at 189). Plaintiff, born on July 18, 1971, was 38 years old on the date on which she alleged disability and 44 years old at the time of the final administrative decision. (*Id.* at 186). Plaintiff has a high-school education. (*Id.* at 190). Plaintiff has past work experience as a server in the food industry. (*Id.* at 191).

Defendant initially denied plaintiff's applications on May 12, 2014. (*Id.* at 79-80). Plaintiff sought an administrative hearing, which defendant held on October 27, 2014. (*Id.* at 27-69).

Plaintiff and her neighbor testified at the hearing. Dr. Crystal Younger, a vocational expert ("VE"), was also present at the hearing but did not testify.

On February 20, 2015, the ALJ issued a decision in which he found that plaintiff has not been disabled since March 1, 2009. (*Id.* at 15-22). In the decision, the ALJ concluded that plaintiff has the medically-determinable impairments of sprains and strains. (*Id.* at 17). The ALJ held that plaintiff does not have an impairment or a combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months. (*Id.* at 18). He thus concluded that she has no severe impairments. (*Id.*). The ALJ thus denied plaintiff DIB. (*Id.* at 22).

Plaintiff asked the Appeals Council ("AC") to review the ALJ's conclusion that she is not disabled. (*Id.* at 8-11). On July 13, 2016, the Appeals Council denied plaintiff's request. (*Id.* at 1-7). Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971);

2

*Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III. ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if his physical or mental

impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

4

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## IV. ISSUES ON APPEAL

There are two issues on appeal:

(1) Whether substantial evidence supports the ALJ's step-two determination.

(2) Whether the ALJ properly developed the record.

## V. ANALYSIS

### 1. Whether substantial evidence supports the ALJ's step-two determination.

Plaintiff contends that the ALJ erred when she determined that plaintiff has no severe impairments. She argues that such a finding, "[o]n its face, . . . does not look right" given that plaintiff has had four new surgeries in the past. [Doc. #13-2 at p. 2]. Citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000), plaintiff maintains that this conclusion "is just plain wrong!" [*Id.* at p. 3]. In *Loza*, the Fifth Circuit remanded the case to the ALJ because "[t]he ALJ did not set

forth the standard as it was construed in *Stone*, refer to *Stone* or another decision of this court to the same effect, or expressly state that the construction this court gives to 20 C.F.R. § 404.1520(c) was used." *Loza*, 219 F.3d at 393. The Court finds that plaintiff's arguments are misplaced.

Although the ALJ did not identify the specific applicable legal standard under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the Court finds that he nevertheless applied the proper legal standard. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). The ALJ did not cite to *Stone*, which provides the appropriate legal standard for determining the severity of an impairment, but he did cite to Social Security Ruling ("SSR") 85-28, 1985 WL 56856, entitled "Titles II and XVI: Medical Impairments that are not Severe," which clarifies agency policy for making step-two determinations after *Stone*. (Adm. Rec. at 18). Thus, unlike the ALJ in *Loza*, the ALJ here cited the legal standard as adopted by defendant after the issuance of and in compliance with *Stone*. Procedural perfection is not required in administrative proceedings, and a reviewing court should not vacate a judgment unless a party's substantial rights have been affected. *See Taylor*, 706 F.3d at 603; *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Simply put, the talismanic recitation of the word "*Stone*" is not required.

Under Fifth Circuit law, this Court must evaluate all errors – including legal errors – to determine whether they are harmful. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (finding that the ALJ erred in failing to state any reason for her adverse step-three determination, but the court "must still determine whether this error was harmless"); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (holding that procedural improprieties will constitute a basis for remand only if such improprieties cast into doubt the existence of substantial evidence to support the ALJ's decision). Here, the Court finds that substantial evidence supports the ALJ's finding that plaintiff's

impairments are not severe. *See Taylor*, 706 F.3d at 603.

As noted above, plaintiff argues that she has severe impairments by virtue of her history of four knee surgeries and psychiatric treatment. But the diagnoses that plaintiff has received and the treatment that she has undergone do not confer disability in and of themselves. *See Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). That is circular reasoning. To prove that she is disabled, plaintiff must provide evidence of functional limitations that prevent her from performing any substantial gainful activity. *See id.* Here, the ALJ explicitly discussed plaintiff's treatment history, including the aforementioned knee surgeries and psychiatric treatment, and he correctly concluded after reviewing the record as a whole that, during the relevant period, plaintiff's alleged impairments are not severe enough to prevent her from maintaining substantial gainful employment. (Adm. Rec. at 17-22).

The Court finds that the ALJ's review of the record provides substantial evidence of record to support the ALJ's step-two determination. That review included the evidence from Cristino Dijamco, M.D., a consultative physician who evaluated plaintiff in March 2014. (*Id.* at 20-22, 302-304). Plaintiff presented to Dijamco in a wheelchair (which she indicated that she used for safety), but her gait and ambulation were normal, and she did not need an assistive device to walk. (*Id.* at 20-21, 303). She was able to walk on her heels and toes and squat. (*Id.* at 303). She could get on and off the examination table, and up and out of the wheelchair, with no significant difficulty. (*Id.* at 20, 303). The results of plaintiff's physical examination were unremarkable, and she reported a wide array of daily activities, such as driving a car, sweeping, mopping, vacuuming, cooking, doing the dishes, and shopping. (*Id.* at 3*02*-303).

Sandra Durdin, Ph.D., a consultative psychologist who evaluated plaintiff in May 2014,

7

provides further support for the ALJ's step-two determination. (*Id.* at 21-22, 309-313). Plaintiff again reported an array of normal activities, such as preparing food, washing clothes, doing chores, having contact with family and friends, and driving a car. (*Id.* at 21, 310). She was not undergoing treatment for any of her allegedly disabling mental or physical conditions, although she was taking a thyroid medication. (*Id.* at 21, 310, 312). During psychological testing, plaintiff began to "fail very rapidly, with absurd answers. She laughed several times before saying such things as a ball is square, and you wear a glove on your foot, etc." (*Id.* at 312). Likewise, she could not count correctly, referred to vegetables as fruits, and, when asked to repeat two numbers, "gave entirely different ones." (*Id.*). In short, Durdin essentially opined that plaintiff was malingering (*i.e.*, fabricating or exaggerating her limitations for secondary gain). (*Id.* at 21, 312).[1] In support of Dijamco's observations, at the end of the evaluation, she "walked out on her own. And did not need to be walked out of the building." (*Id.* at 309).

To meet her burden and establish disability under the Act, plaintiff must prove that she is so functionally impaired that she cannot engage in any substantial gainful activity. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). The Court finds that plaintiff has failed to do so, and any alleged error that the ALJ made in not following the procedures set out in *Stone* is harmless. *See Taylor*, 706 F.3d at 603. Because the record contains no evidence that plaintiff's impairments are severe enough to prevent her from maintaining substantial gainful employment, remand is not

---

[1] Plaintiff appears to admit that she was malingering: "Ms. Durr's situation was not helped by obvious malingering at a psychological evaluation." [Doc. #13-2 at p. 5]. However, she carefully qualifies her malingering: "This occurred prior to the undersigned undertaking representation." [*Id.*]. Whether or not plaintiff was represented by counsel at the time of the psychological evaluation is of no moment; it is hardly clear – and plaintiff makes no argument – that counsel would have been present at any such examination.

8

required, and the Court rejects plaintiff's arguments to the contrary.

### 2. Whether the ALJ properly developed the record.

Plaintiff contends that the ALJ failed to properly develop the record before him even after he admitted at the oral hearing: "Okay. Now I'm a little unclear; well there's a lot I'm unclear about with this case." (Adm. Rec. at 37). She notes that the ALJ was fully aware – via letter – that counsel had difficulty adequately obtaining all of her school and psychological records. (*Id.* at 329-30). She also notes that the ALJ failed to question the VE at the oral hearing and contends that the ALJ simply lacked interest in her case. The Court finds plaintiff's arguments unpersuasive.

The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). If the ALJ does not satisfy his duty, his decision is not substantially justified. *Kane*, 731 F.2d at 1219. Reversal of his decision, however, is appropriate only if the applicant shows that he was prejudiced. *Id.* at 1220.

Here, the Court finds that the ALJ fulfilled his duty to develop the record. He heard testimony at the administrative hearing related to the material issues in the case, including plaintiff's account of her medical, educational, social, and employment history. (*Id.* at 15, 27-69). He also heard testimony from plaintiff's neighbor. (*Id.* at 15, 62-68). The ALJ also obtained and reviewed the pertinent medical records, including the reports outlined above from Dijamco and Durdin, which support the ALJ's disability determination. (*Id.* at 17-22, 260-340).

Contrary to plaintiff's arguments, the Fifth Circuit has never endorsed the understanding of the ALJ's duty as requiring the ALJ to obtain all of a claimant's medical records before reaching a decision. That court has described the ALJ's duty as one of developing "all relevant facts," not

9

collecting all existing records. *See Castillo v. Barnhart*, 325 F.3d 550, 552–53 (5th Cir. 2003) (per curiam) (describing the ALJ's "heightened duty to scrupulously and conscientiously explore all relevant facts"); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (per curiam) (describing the ALJ's "heightened duty to elicit all relevant facts "). Consistent with that description, the Fifth Circuit often focuses on the ALJ's questioning of the claimant in order to determine whether the ALJ gathered the information necessary to make a disability determination. *See, e.g., Brock*, 84 F.3d at 728 (finding that the ALJ satisfied his duty by "extensively question[ing] [the claimant] about his education, training, and past work history; about the circumstances of his injury; and about his daily routine, pain, and physical limitations" and by inviting the claimant to "add other relevant evidence to the record"); *Castillo*, 325 F.3d at 552–53 (finding that ALJ satisfied his duty where he "questioned [the claimant] and her husband regarding her age, education, ability to read and comprehend, past relevant work, impairments, vision problems, and medical testing and treatment, and gave both [the claimant] and her husband opportunities to add anything else to the record"). This Court has reviewed the transcript of the oral hearing and finds, as noted above, that the ALJ explicitly questioned her – and her neighbor – about her medical, educational, social, and employment history. Under Fifth Circuit precedent, that is all that he is required to do.

It is a claimant's responsibility to provide the Commissioner with medical evidence of her disability. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. §§ 404.1512(a), (c), 416.912(a), (c); 404.1516, 416.916; *see also Hames*, 707 F.2d at 165 (the claimant has the burden of proving her disability). If the claimant does not provide sufficient evidence, the ALJ must make a decision based on the available evidence. *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). Here, plaintiff failed to prove that she is disabled. *Yuckert*, 482 U.S. at 146. The governing

regulations require her to furnish medical or other evidence that the ALJ can use to reach conclusions about her impairments and their effect on her ability to work. 20 C.F.R. §§ 404.1512(a), (c), 416.912(a), (c). It is not unreasonable to require a claimant, who is in a better position than the ALJ to provide information about her own medical condition, to do so. *See Yuckert*, 482 U.S. at 146 n.5. Plaintiff has simply not met her burden of proof, and the Court will not shift this burden to defendant. The ALJ properly developed the record, and plaintiff has not demonstrated – nor has she even argued – that, had he not, she suffered any result of said alleged failure.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 17th day of August, 2017.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**